IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01761-CMA-MJW

PHILIP WHITE,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,
ROBERT WYCOFF, in his individual and official capacity,
KYLLION CHAFIN, in his individual and official capacity,
KRISTY GARCIA, in her individual and official capacity,
GREYHOUND LINES, INC.,
CODE-3 PROTECTION & SECURITY LLC, and
DANIEL BURKE,

Defendants.

## ORDER ON
## DENVER DEFENDANTS' MOTION TO STAY DISCOVERY
## (Docket No. 29)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 8) issued by Judge Christine M. Arguello on July 9, 2013.

Now before the court is Denver Defendants' Motion to Stay Discovery (Docket No. 29). The court has carefully considered the subject motion, plaintiff's response (Docket No. 44), and the Denver Defendants' reply (Docket No. 55). The court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

2

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings.  See String Cheese Incident, LLC v. Stylus Shows, Inc., 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Federal Rule of Civil Procedure 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(a).

Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254–255 (1936) (citing Kansas City S. Ry. Co. v. United States, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion.  Id.

A stay of all discovery is generally disfavored.  Bustos v. United States, 257 F.R.D. 617, 623 (D. Colo. 2009).  However, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010).  Thus, courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved.  See, e.g., Siegert v. Gilley, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is

3

pending); <u>Workman v. Jordan</u>, 958 F.2d 332, 336 (10th Cir. 1992) (same). Similarly, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." <u>Nankivil v. Lockheed Martin Corp.</u>, 216 F.R.D. 689, 692 (M.D. Fla. 2003). See also Vivid Techs ., Inc. v. Am. Sci. & Eng'r, Inc., 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See <u>String Cheese Incident</u>, 2006 WL 894955, at *2.

Here, the Denver Defendants seek to stay all discovery pending resolution of their Motion for Partial Dismissal (Docket No. 28).[1] Therein, the Denver Defendants argue that their individual defendants are entitled to qualified immunity. The Denver Defendants also move for dismissal of plaintiff's first claim in part, and plaintiff's second, third, and fourth claims in their entirety. The Denver Defendants argue that discovery must be stayed in light of the asserted defense of qualified immunity. They further argue that the <u>String Cheese</u> factors favor a stay.

As to the first and second <u>String Cheese</u> factor, the court recognizes that plaintiff has an interest in proceeding expeditiously, especially in view of his advanced age.

---

[1] This motion was denied without prejudice as moot on September 25, 2013. The court, however, expects the Denver Defendants to refile the motion, and therefore will proceed under that assumption.

4

While plaintiff does not contend that he is suffering from any health problems which would further support his interest to proceed expeditiously, anyone who is approaching eighty years old places a premium on their time. The court recognizes that there is certainly a burden on defendants if a stay is not put in place. Defendants may be forced to conduct discovery which may not otherwise be necessary. However, the court notes that the Denver Defendants' Partial Motion to Dismiss (Docket No. 28) will not dispose of the entire action. Accordingly, discovery, at least to some extent, will be necessary under either scenario.

As to the third String Cheese factor, the court does have an interest in managing its docket by seeing the case proceed expeditiously. Furthermore, since Defendants' Partial Motion to Dismiss (Docket No. 28) will not dispose of the entire action, discovery will eventually proceed regardless of whether a stay is put in place. Finally, neither the interest of nonparties nor the public interest in general weigh heavily in either direction.

Accordingly, on balance, the court finds that a stay of discovery is not appropriate in this case.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Denver Defendants' Motion to Stay Discovery (Docket No. 29) is **DENIED.**

Date:  September 25, 2013         s/ Michael J. Watanabe
       Denver, Colorado           Michael J. Watanabe
                                  United States Magistrate Judge