IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01761-CMA-MJW

PHILIP WHITE,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,
ROBERT WYCOFF, in his individual and official capacity,
KYLLION CHAFIN, in his individual and official capacity,
KRISTY GARCIA, in her individual and official capacity,
CODE-3 PROTECTION & SECURITY LLC, and
DANIEL BURKE,

Defendants.

**ORDER REGARDING
DEFENDANTS CITY AND COUNTY OF DENVER'S MOTION FOR PROTECTIVE
ORDER REGARDING NOTICE TO DEPOSE
DENVER POLICE CHIEF ROBERT C. WHITE  (docket no. 119)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant City and County of Denver's Motion for Protective Order Regarding Notice to Depose Denver Police Chief Robert C. White (docket no. 119).  The court has reviewed the subject motion (docket no. 119),  the response (docket no. 134), and the reply (docket no. 138).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

2

1. That I have jurisdiction over the subject matter and over the parties to this dispute;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 119);

4. That Plaintiff has brought the following claims in his Second Amended Complaint (docket no. 61):

   a. 42 U.S.C. § 1983 - 4th Amendment Violation - Excessive Force Against Defendants City and County of Denver, Chafin, Garcia and Wyckoff;

   b. 42 U.S.C. § 1983 Fourth Amendment Violation - False Arrest / Unlawful Seizure Against Defendants City and County of Denver, Chafin, Garcia and Wyckoff;

   c. 42 U.S.C. § 1983 - Failure to Train or Supervise, Informal Custom & Ratification by Final Policymaker Against Defendants City and County of Denver and Defendant Wyckoff;

   d. 42 U.S.C. § 1985 - Conspiracy to Interfere with Civil Rights Against All Defendants;

   e. Assault Against Defendants Greyhound Lines, Inc., Code-3, and Burke;

   f. Battery Against Defendants Greyhound Lines, Inc., Code-3, and Burke;

3

      g.      Intentional Infliction of Emotional Distress/Outrageous Conduct Against Defendants Greyhound Lines, Inc., Code-3, and Burke;

      h.      False Imprisonment Against Defendants Greyhound Lines, Inc., Code-3, and Burke; and

      I.      Negligence Against Defendants Greyhound Lines, Inc., and Code-3;

5. That Plaintiff seeks the following relief as outlined in the Second Amended Complaint (docket no. 61):

      a.      Compensatory damages, including but not limited to those for emotional distress, pain and suffering;

      b.      Actual economic damages and consequential damages arising out of Defendants' conduct;

      c.      Declaratory relief and other appropriate equitable relief;

      d.      Punitive damages as allowed by law;

      e.      Pre-judgment and post-judgment interest at the highest lawful rate;

      f.      Attorneys fees and costs; and

      g.      Such further relief as justice requires.

6. That Defendant City and County of Denver seeks, in the subject motion (docket no. 119), a protective order from this court prohibiting Plaintiff from taking the deposition of Denver Police Chief Robert C. White concerning Denver Police Department's

4

customs, practices and policies. Defendant City and County of Denver seeks such the protective order on two grounds. First, that Chief White is a high-ranking government official who should be shielded from such a request under the circumstances presented here. Second, that Magistrate Judge Watanabe has recommended dismissal of Plaintiff's claims against Denver (i.e., the claims as to which the Denver Police Department's customs, practices and policies are arguably relevant), so even if this court finds that Chief White can be deposed, the requested deposition should not take place until District Judge Arguello determines whether to adopt the recommendation. See Recommendation on Denver Defendants' Motion to Dismiss (docket no. 62) and Defendant Greyhound Lines, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint (docket no. 69) [docket no. 103]. It should be noted that Objections (docket no. 109) have been filed Plaintiff as to the Recommendation (docket no. 103). Moreover, it should be noted that as of this date of this Order, District Judge Arguello has not ruled on those Objections (docket no. 109);

7. That Plaintiff argues that the subject motion (docket no. 119) should be denied because he has brought a § 1983 claim against the Defendant City and County of Denver and therefore the deposition of Chief White is necessary to determine the customs, practices, and policies of the Denver Police Department from a final

    policymaker. In addition, Plaintiff argues that the Defendants' Rule 30(b)(6) witnesses of Commander Ron Thomas and Technician Aaron Brill are not final policymakers. Moreover, Plaintiff argues that this court has previously denied Defendant's motion to stay discovery against the Defendant the City and County of Denver. Lastly, Plaintiff argues that the subject motion (docket no. 119) is an effort by Defendant City and County of Denver to "side-step" this court's discovery order;

8. That courts have broad authority to enter protective orders upon a showing of good cause "to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

Applying the Rule 26(c) standard, the United States Court of Appeals for the Tenth Circuit affirmed the issuance of a protective order of a high-level corporate official in the case of <u>Thomas v. International Business Machines</u>, 48 F.3d 478, 483 (10th Cir. 1995). In that case, the Tenth Circuit relied on the following facts in upholding the protective order: (1) the deposition imposed "severe hardship" on the deponent, (2) the reasons for the deposition were of little relevance to the plaintiff's lawsuit, (3) the deponent lacked personal knowledge about the plaintiff, (4) nothing in the record demonstrated that the defendant failed to make individuals with knowledge available, and (5) the last-minute nature of the

6

deposition. Id. at 483-84.

While there is not a uniform test, this court has articulated that the plaintiff, to show that the deposition is necessary of a high-ranking government official, must demonstrate whether (1) the official has first-hand knowledge related to the claim being litigated; (2) the testimony will likely lead to the discovery of admissible evidence, (3) the deposition is essential to the party's case, and (4) the information cannot be obtained from an alternative source or via less burdensome means. Cooke v. Hickenlooper, No. 13-cv-01300-MSK-MJW, 2013 WL 579995, at *2 (D. Colo. Oct. 28, 2013); Feldman v. Bd. of Educ. Sch. Dist. No. 1, No. 09-cv-00104-REB-MJW, 2010 WL 383154, at *2 (D. Colo. Jan 28, 2010).

On the other hand, there is case law that states that highly-ranking executives are not immune from discovery. The fact that an executive has a busy schedule cannot shield that witness from being deposed. Six West Retail Acquisition, Inc., v. Sony Theatre Management Corp., 203 F.R.D. 98, 102 (S.D.N.Y. 2001); and

9. In this case, it is undisputed that Chief White was not present at the scene of the events on May 22, 2012 and Plaintiff does not contend in the Second Amended Complaint (docket no. 61) that Chief White ratified any decision made by Officer Chafin and/or Sergeant Wyckoff. Further, there is no indication that Chief White has any personal knowledge regarding these two officers' training and no

indication that Chief White promulgated any practices and/or policies that could be relevant to the remaining issues in this case, noting my Recommendation (docket no. 62) dated March 31, 2014. Lastly, deposing Chief White on the broad topics of arrests, handcuffing, using force, and dealing with people with disabilities can be addressed through the Defendant's Rule 30(b)(6) witnesses of Commander Ron Thomas and Technician Aaron Brill.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That the Defendant City and County of Denver's Motion for Protective Order Regarding Notice to Depose Denver Police Chief Robert C. White (docket no. 119) is **GRANTED**. Plaintiff may not take the deposition of Denver Police Chief Robert C. White; and

2. That each party pay their own attorney fees and costs for this motion.

Done this 10th day of July 2014.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE