**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

PHILIP WHITE,

    Plaintiff - Appellant,

v.

KYLLION CHAFIN, in his individual and official capacity,

    Defendant - Appellee,

and

ROBERT WYCOFF, in his individual and official capacity,

    Defendant.

No. 16-1319

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:13-CV-01761-CMA-MJW)**
_____

Andrew McNulty, Killmer, Lane & Newman, LLP, Denver, Colorado (Darold W. Killmer and Mari Newman, Killmer, Lane & Newman, LLP, Denver, Colorado, with him on the briefs), for Plaintiff-Appellant.

Geoffrey Klingsporn, Denver City Attorney's Office, Denver, Colorado, for Defendant-Appellee.
_____

Before **KELLY**, **MURPHY**, and **BACHARACH**, Circuit Judges.
_____

**BACHARACH**, Circuit Judge.

_____

Mr. Philip White obtained a judgment for $100,000 in compensatory damages and moved for an award of prejudgment interest. The district court denied the motion, viewing the bulk of the award as compensation for noneconomic damages.

Mr. White argues that we should

- overrule earlier opinions and find that prejudgment interest is always available for compensatory awards under § 1983 or

- conclude that the district court abused its discretion in disallowing prejudgment interest.

For the second argument, Mr. White suggests that we could award prejudgment interest on the entire compensatory award ($100,000) or at least on the amount of his economic damages.

We reject Mr. White's arguments. The first argument is invalid because we cannot overrule published opinions by other Tenth Circuit panels. Under those opinions, our review is confined to the abuse-of-discretion standard. In applying that standard, we conclude that the district court

- had the discretion to deny prejudgment interest on the award of noneconomic compensatory damages and

- could reasonably decline to speculate on the amount that the jury had regarded as economic damages.

## I. Mandatory Award of Prejudgment Interest

Mr. White urges a "bright-line rule" requiring the addition of prejudgment interest whenever a claimant prevails under 42 U.S.C. § 1983. Appellant's Opening Br. at 7. But this bright-line rule would conflict with our published opinions. Under those opinions, prejudgment interest "is not recoverable as a matter of right." *Zuchel v. City & Cty. of Denver*, 997 F.2d 730, 746 (10th Cir. 1993). Those opinions cannot be overruled by a panel. *Thompson v. Weyerhaeuser Co.*, 582 F.3d 1125, 1130 (10th Cir. 2009). Thus, our panel must apply those opinions and reject Mr. White's argument for a bright-line rule requiring prejudgment interest in all § 1983 cases.

In his reply brief, Mr. White contends that under 42 U.S.C. § 1988, the federal law on prejudgment interest should incorporate Colorado law, which mandates prejudgment interest. Mr. White waived this contention by waiting to present it for the first time in his reply brief. *See Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008) ("[I]ssues raised by an appellant for the first time on appeal in a reply brief are generally deemed waived, and we will not consider the arguments [the appellant] raised for the first time in his reply brief.").[1]

---

[1] In his opening brief, Mr. White urged incorporation of Colorado law but addressed § 1988 in this context only in a single sentence of a footnote: "This proposition is particularly supported by a reading of Section 1983's companion statute, Section 1988, which explicitly instructs

The contention is not only waived but also invalid. Notwithstanding § 1988, our court has held that awards of prejudgment interest are not recoverable as a matter of right, as discussed above. *See* p. 3, above. In addition, § 1988 would require use of state law only if federal law were considered "deficient" in cases involving § 1983. 42 U.S.C. § 1988; *see Robertson v. Wegmann*, 436 U.S. 584, 588 (1978). In our view, federal law is not rendered "deficient" by the absence of a mandatory right to prejudgment interest in § 1983 cases. *See Furtado v. Bishop*, 604 F.2d 80, 97 (1st Cir. 1979) (holding that § 1983 is not rendered "deficient," for purposes of § 1988, by the omission of prejudgment interest).

Because reliance on § 1988 is waived and invalid, we see no reason to question our precedents even if we could. Under those precedents, an award of prejudgment interest is not recoverable as a matter of right.

## II. Denial of Prejudgment Interest to Mr. White as an Abuse of Discretion

Because prejudgment interest is not recoverable as a matter of right, we review the denial under the abuse-of-discretion standard. *Zuchel v. City & Cty. of Denver*, 997 F.2d 730, 746 (10th Cir. 1993). The district court abuses its discretion only by acting

---

courts to look to state law in making determinations." Appellant's Opening Br. at 21 n.5. This perfunctory statement was insufficient to trigger appellate review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (stating that "perfunctory complaints," which "fail to frame and develop an issue," are not "sufficient to invoke appellate review").

4

- with arbitrariness, capriciousness, or whimsicalness or

- with manifestly unreasonable judgment.

*Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 763 (10th Cir. 1997). Thus, Mr. White acknowledges that "[u]nder the current standard in this Circuit, district courts have been given great leeway in their determinations as to whether prejudgment interest should be awarded when a jury returns a verdict of compensatory damages in Section 1983 cases." Appellant's Opening Br. at 7.[2]

According to Mr. White, the denial of prejudgment interest constituted an abuse of discretion for four reasons:

1. The district court failed to consider whether an award of prejudgment interest would be compensatory.

2. The district court erred in deciding that prejudgment interest is not available for noneconomic damages and should have granted prejudgment interest on the entire compensatory award of $100,000.

3. The district court failed to consider pertinent factors relating to the equity of awarding prejudgment interest.

4. In the alternative, prejudgment interest should have been awarded on the amount of Mr. White's economic damages.

We reject these arguments.

---

[2] Mr. White criticizes our precedent creating this leeway. Appellant's Opening Br. at 7-24. But as discussed above, this precedent binds our panel. *See* Part I, above.

### A. Consideration of Whether Prejudgment Interest Would Be Compensatory for Noneconomic Damages

We have prescribed a two-step test to determine whether to award prejudgment interest. The first step is to determine whether such an award would compensate the injured party. *Zuchel v. City & Cty. of Denver*, 997 F.2d 730, 746 (10th Cir. 1993). If prejudgment interest would be compensatory, the court must determine whether the equities would preclude an award. *Id*.

Mr. White argues that the district court erroneously skipped the first step, balancing the equities without deciding whether prejudgment interest would have been compensatory. We disagree.

The district court began by determining that prejudgment interest for noneconomic damages would not be compensatory. For this determination, the court reasoned that Mr. White had primarily obtained noneconomic damages. This determination led the district court to decide that prejudgment interest was unnecessary to compensate Mr. White. In reaching this decision, the court acted within its discretion.[3]

---

[3] Even though the district court considered whether prejudgment interest was compensatory, the court could have skipped this step upon determining that the equities would preclude an award. *See Malloy v. Monahan*, 73 F.3d 1012, 1019 (10th Cir. 1996) (holding that the district court did not err in denying prejudgment interest based on the equities even though an award of prejudgment interest would have been compensatory).

Mr. White argues that the district court neglected to consider the importance of "just compensation" for a delay in paying noneconomic damages. Appellant's Opening Br. at 43. For this argument, Mr. White relies on *Barnard v. Theobald*, 721 F.3d 1069 (9th Cir. 2013), which held that a plaintiff is entitled to compensation for a delay in paying noneconomic damages. *See Barnard*, 721 F.3d at 1078. We reject this argument.

In our view, the district court had the discretion to decline awarding prejudgment interest for noneconomic damages. Mr. White implicitly assumes that noneconomic damages are incurred instantly at a discrete point in time and that any delay in payment is compensable. But the district court could reasonably reject these assumptions, viewing noneconomic damages as continuing over an undefined period. Under this view, the jury could ascertain the amount from a sense of how much the

---

Mr. White relies on *Zuchel v. City & County of Denver*, 997 F.2d 730 (10th Cir. 1993), to argue that the district court erred by skipping the first step. In *Zuchel*, the district court addressed both steps when denying an award of prejudgment interest. 997 F.2d at 746. But our opinion did not suggest that the district court had an obligation to address both steps. Instead, we stated simply that "'when an award would serve a compensatory function, the court must still determine whether the equities would preclude the award of prejudgment interest.'" *Id.* (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1257 (10th Cir. 1988)).

Even if the district court had skipped the first step, the district court found that the balance of equities weighed against awarding prejudgment interest here. We could not disturb that ruling based on a decision to skip the first of the two steps.

damages are worth at the time of trial. *Wilson v. Burlington N. R.R. Co.*, 803 F.2d 563, 567 (10th Cir. 1986) (McKay, J., concurring). This approach represents a reasonable exercise of discretion.

### B.  Consideration of the Pertinent Equitable Factors

Mr. White argues that the district court abused its discretion by failing to consider Mr. White's age, the public interest in fully compensating Mr. White, and the outrageousness of the defendant's conduct. We have no reason to doubt the district court's consideration of the defendant's culpability and the need for full compensation. Mr. White obtained $300,000 in punitive damages, and the district court could reasonably conclude that the egregiousness of the defendant's conduct had not required an award of prejudgment interest. And the court stated why it regarded prejudgment interest as unnecessary for full compensation.

The district court did not mention Mr. White's age. But the district court had little reason to consider Mr. White's age, for his opening brief made no mention of his age. In Mr. White's reply brief, his age is referenced twice. The first reference appeared in the discussion of noneconomic damages, a subject that was thoroughly discussed in the district court's order. *See* Appellant's App., vol. I at 228 ("The arbitrary fiction that Mr. White's damages were 'non-economic' and are therefore less compensable than someone who wasn't retired, or eighty years old, or blind, is unsupported by the law and against the interests of justice."). The

8

second reference to age involved the risk that Mr. White might not live long enough to collect. *See id*. at 232 ("And, Mr. White is about to turn 81 years old; delay presents a very real risk that Mr. White may never see what the jury has awarded."). Even if the district court had agreed,[4] it could reasonably have questioned why Mr. White's potential death would have tipped the balance on prejudgment interest.

In our view, the district court acted within its discretion in balancing the equities.

### C.     Prejudgment Interest on $3,974.25 of Economic Damages

Finally, Mr. White contends that the district court should have awarded prejudgment interest based on the award of economic damages. For this contention, Mr. White insists that his evidence showed economic damages of $3,974.25. But we do not know how the jury weighed that evidence. Thus, the district court refused to attribute $3,974.25 to economic damages. This reasoning fell within the district court's discretion.

In district court, Mr. White argued that the district court should refuse to speculate on how the jury divided its award between economic and noneconomic damages: "Any determination as to what dollar amount

---

[4]     The District of Colorado generally forbids parties from presenting an argument for the first time in their reply briefs. *In re Molycorp, Inc. Sec. Litig.*, 157 F. Supp. 3d 987, 1003 n.10 (D. Colo. 2016); *Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 682 F. Supp. 2d 1237, 1242-43 (D. Colo. 2010).

of the compensatory damages award is non-economic . . . is speculative and this Court should not 'violate the sanctity of jury verdicts' and 'speculate on the matter.'" Appellant's App., vol. I at 228 (quoting *Hotel Assocs. of Utah & Colo. v. Holiday Inns, Inc.*, 152 F.R.D. 206, 214 (D. Utah 1993)).

Through this argument, Mr. White opposed any effort to speculate on the jury's calculations of economic and noneconomic damages. Now Mr. White says the opposite. He arguably waived his current argument by asserting the opposite in district court. But even in the absence of a waiver, the district court acted within its discretion by refusing to speculate on the jury's calculations. After all, no one suggested to the district court that it could ascertain the amount that the jury had attributed to economic damages. As a result, we conclude that the district court did not abuse its discretion when declining to assess prejudgment interest on the alleged economic damages ($3,974.25).

### III. Conclusion

In our circuit, prejudgment interest is not a matter of right; thus, the district court must exercise its discretion. In this case, the district court exercised its discretion, concluding that prejudgment interest was unnecessary to compensate Mr. White. This conclusion entailed a reasonable exercise of discretion. Thus, we affirm the denial of prejudgment interest.

Affirmed.

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | July 10, 2017 | Chris Wolpert<br>Chief Deputy Clerk |

Mr. Darold W. Killmer
Mr. Andrew McNulty
Ms. Mari Newman
Killmer, Lane & Newman
1543 Champa Street, Suite 400
Denver, CO 80202

**RE:**   **16-1319, White v. Wycoff, et al**
Dist/Ag docket: 1:13-CV-01761-CMA-MJW

Dear Counsel:

Enclosed is a copy of the opinion of the court issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R. 35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

cc:   Geoffrey Klingsporn

EAS/lg